Thiago Coelho (SBN 324715)
thiago@wilshirelawfirm.com
Robert Dart (SBN 264060)
rdart@wilshirelawfirm.com
Cinela Aziz (SBN 318192)
cinela@wilshirelawfirm.com
Jessica Behmanesh (SBN 336128)
jbehmanesh@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff
and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTA ROBLES, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| vs. | |
| GOJO INDUSTRIES, INC. D/B/A PURELL, an Ohio Corporation, and DOES 1 through 10 | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

# TABLE OF CONTENTS

I.     NATURE OF ACTION ................................................................. 1

II.    THE PARTIES ............................................................................ 5

III.   JURISDICTION AND VENUE ................................................... 5

IV.    FACTUAL ALLEGATIONS ....................................................... 6

V.     CLASS ACTION ALLEGATIONS ............................................ 8

VI.    FIRST CAUSE OF ACTION

       (Intentional Misrepresentation)............................................. 12

VII.   SECOND CAUSE OF ACTION

       (Negligent Misrepresentation) ............................................... 19

VIII.  THIRD CAUSE OF ACTION

       (Violation of California False Advertising Law ["FAL"],

       Cal. Bus. & Prof. Code § 17500 et. seq.) ............................. 21

IX.    FOURTH CAUSE OF ACTION

       (Violation of the Unfair Competition Law ["UCL"],

       Cal. Bus. & Prof. Code § 17200, et seq.) ............................. 22

X.     PRAYER FOR RELIEF ........................................................... 25

XI.    DEMAND FOR JURY TRIAL ................................................. 25

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

i

Plaintiff KRISTA ROBLES ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation of her attorneys.

## I.    NATURE OF THE ACTION

1.    Defendant GOJO Industries ("GOJO" or "Defendant") is an Ohio corporation headquartered in Akron, Ohio that, among other things, produces hand hygiene products.

2.    GOJO is the manufacturer, distributor, and marketer of Purell Hand Sanitizer, an alcohol-based hand sanitizer, which consists of 70 ethyl alcohol, or ethanol, as its primary ingredient.  Purell is one of the world's most, if not the most, well-known and best-selling hand sanitizers.  GOJO includes, printed on the bottles which contain Purell Hand Sanitizer, a statement that the product kills more than 99.99% of germs, or that the product kills more than 99.99% of illness causing germs.  GOJO's Purell Advanced Hand Sanitizer and all similar GOJO hand-sanitizers state on their bottles either that the product, "Kills More Than 99.99% of Germs," or that it "Kills More Than 99.99% of Illness Causing Germs."

3.    These statements, in that they are made with a degree of certainty to the hundredth digit, necessarily imply that a scientific study proves that the products in fact kill more than 99.99% germs, including illness-causing germs.  Accordingly, they are false statements, as no scientific study supports them.

4.    In fact, it is scientifically proven that alcohol-based hand-sanitizer does not kill many types of illness causing germs.   It does not kill many non-enveloped viruses, such as norovirus.  "Norovirus is the leading cause of foodborne illness in the United States. It causes 58% of foodborne illnesses acquired in the United States."[1]  It is hard to believe that Defendant's hand-sanitizer kills more than 99.99% of germs, or more than 99.99% of illness causing germs, while excluding

---

[1] https://www.cdc.gov/norovirus/trends-outbreaks/burden-US.html.

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the family of viruses that causes more than half of all food borne illnesses in the country.  It also does not kill bacterial spores, protozoan cysts, some parasites like Giardia, and the diarrhea-causing bacterium Clostridium difficile.  Organisms like spore-forming pathogenic bacteria, naked viruses, and parasites, because they are not significantly affected by alcohol, cannot be killed by Purell hand sanitizers. Moreover, studies have shown that some bacteria are becoming alcohol resistant. For these reasons, no scientific study proves with any degree of certainty the overall percentage of illness-causing germs which alcohol-based hand-sanitizer kills.

5.    Further, the United States Food and Drug Administration ("FDA") sent Defendant a letter, dated January 17, 2020 ("FDA Warning Letter"), delineating the misrepresentations Defendant has made in advertising the Purell Advanced Hand Sanitizer.[2]  The FDA notified Defendant that, as labeled at the time of the FDA Warning Letter's delivery, "PURELL® Healthcare Advanced Hand Sanitizers are unapproved new drugs in violation of section 505(a) of the Federal Food, Drug, and Cosmetic Act (FD&C Act or Act), 21 U.S.C. 355(a)."[3]

6.    The FDA Warning Letter contains many representations made by GOJO regarding Purell Hand Sanitizer, including the claim contained on Purell hand sanitizers that they "[k]ill[] more than 99.99% of most common germs that may cause illness in a healthcare setting, including MRSA & VRE."[4]    According to the FDA, these statements by GOJO "go beyond merely describing the general intended use of a topical antiseptic" as set forth in FDA regulations, but rather "clearly indicate [GOJO's] suggestion that [Purell Hand Sanitizers] are intended for reducing or preventing disease..."[5]  The FDA explained that reduction or prevention of disease are not scientifically supported as intended uses of alcohol-based hand sanitizer and that it, "is currently not aware of any adequate and well-controlled

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

[2] https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020.
[3] Id.
[4] Id.
[5] Id.

studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."[6]  The FDA further stated that it is "not aware of any adequate and well controlled clinical trials in the published literature that support a determination that [Purell Hand Sanitizers] are generally recognized as safe and effective for use under the conditions suggested, recommended, or prescribed in their labeling."[7]

7.     Defendant was clearly aware that no scientific study supported its 99.99% efficacy claims, or Defendant's suggestion that Purell Hand Sanitizers can reduce or prevent diseases, yet Defendant proceeded to make claims on the Purell Hand Sanitizers labels suggesting that Purell Hand Sanitizers kill almost all germs and are intended for reducing or preventing diseases, creating the clear impression that this has been scientifically proven to be true.  The product labels are therefore materially misleading in that they plainly state, in a manner giving the impression that it has been scientifically proven, that the products kill more than 99.99% of germs and more than 99.99% of illness causing germs, when studies show that they do not kill many types of illness causing germs.  Hundreds of thousands of consumers have purchased these products, particularly during the ongoing COVID-19 pandemic, in the false belief that they have been proven to kill almost all germs, including almost all disease-causing germs.  It has not been so proven.  They have been misled.

8.     Plaintiff and Class members are reasonable consumers who purchased Purell Hand Sanitizer because they believed that they would be protected from almost all disease-causing germs.  Plaintiff and other reasonable consumers rely on statements made by well-known and long-standing brands such as Purell.  Reasonable consumers do not independently verify the accuracy of claims made on

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

---

[6] Id.
[7] Id.

COMPLAINT AND DEMAND FOR JURY TRIAL

the front labels of products.  Plaintiff and other reasonable consumers consider efficacy an important factor when purchasing hand sanitizer.  Plaintiff and other reasonable consumers purchase the hand sanitizer that they believe will kill the greatest number of germs.  Plaintiff and other reasonable consumers view other factors, such as scent, bottle size, and moisturizing capabilities as secondary considerations to the product's efficacy.

9.      Reasonable consumers, such as Plaintiff, pay a price premium for Purell products because of statements that suggest that the hand sanitizer kills more than 99.99% of germs that can cause illness.  GOJO charges consumers more for Purell Hand Sanitizers because it knows that consumers will pay a price premium for a product that promises to protect them from nearly all disease-causing germs. In fact, GOJO relies upon this consumer behavior in order to reap enormous profits and maintain its position as the leading brand name hand sanitizer sold in the United States.  For example, at Walmart, a two-liter bottle of Purell hand sanitizer with 70% ethyl alcohol, which states that it kills more than 99.99% of germs, is sold for $22.49.[8]  In other words, reasonable consumers pay approximately 33 cents per ounce of Purell hand sanitizer.  Meanwhile, Walmart sells a Hello Bello brand Hand Sanitizer Gel that does not make a claim about killing 99.99% or more germs for roughly 25 cents per ounce.[9]  Had Plaintiff and other reasonable consumers known the truth regarding Purell products, they would have purchased hand sanitizer products that cost less and achieve the same results.

///

---

[8] https://www.walmart.com/ip/PURELL-Advanced-Hand-Sanitizer-Refreshing-Gel-for-Workplaces-Clean-scent-2-Liter-pump-bottle-9625-04/22257378

[9] https://www.walmart.com/ip/Hello-Bello-Hand-Sanitizer-Gel-Unscented-32oz/611055473?wpa_bd=&wpa_pg_seller_id=F55CDC31AB754BB68FE0B39041159D63&wpa_ref_id=wpaqs:Z_fm5wYjUjCZypBICmVmuUvInqAwQunj4gH9J4Bb8Q7XE537oSY8OqhekOJkjaePgQSJ6odAn4kKNkJmVifRIBcIK8XCyNJOTyKOcxmyeBRINKSlwijYfg522Y3sO2QUS3KJ99kuOoWiPmv0bPOmqQpErsEW4ikx_p-lYNPgKp4h5tzF5ZCe9ukgktD5xDLCzvutgEcxFvKSYet36H1sSQ&wpa_tag=&wpa_aux_info=&wpa_pos=3&wpa_plmt=1145x1145_T-C-IG_TI_1-6_HL-INGRID-GRID-NY&wpa_aduid=5fae0fe9-26ed-486a-80c1-6fea4af2c862&wpa_pg=search&wpa_pg_id=hand%20sanitizer&wpa_st=hand%2Bsanitizer&wpa_tax=1085666_5589682_2193188&wpa_bucket=__bkt__

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

10.    As a result of Defendant's deceptive and misleading practices, Plaintiff and the Class members were induced to purchase hand-sanitizers which do not perform as advertised.  Defendant has made millions of dollars in fraudulent sales to individuals who Defendant told were receiving a product which had been proven, with a high degree of certitude, to kill almost every illness-causing germ. Defendant's customers did not receive the benefit of their bargain.  The products do not kill many types of germs that may cause illness.

## II.    THE PARTIES

11.    Plaintiff Krista Robles ("Plaintiff") is a California citizen residing in Orange County, California.  Ever since the onset of COVID-19 on or about March 2020, Plaintiff purchased Purell hand sanitizers multiple times throughout the year, including on or about December 4, 2020, when Plaintiff purchased a 28-ounce bottle of Purell's Advanced Hand Sanitizer, an alcohol-based hand-sanitizer, from a Target store located at 1893 W. Malvern Avenue, Fullerton, California 92833 for approximately $5.49 pre-tax.

12.    GOJO Industries, Inc. is an Ohio corporation with its principal offices located in Akron, Ohio.  GOJO does substantial business, including selling hand hygiene products under the brand name Purell, in California, and in the Central District specifically.

## III.    JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction pursuant to CAFA because the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interests, there are more than 100 members in the proposed Class, and Defendant is a citizen of a State different from that of at least one Class member.

14.    The Court has personal jurisdiction over Defendant because Defendant purposefully directed its activities toward California residents and because Plaintiff's and Class members' claims arise out Defendant's business activities conducted in the State of California, and specifically in Orange County.  California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

5

COMPLAINT AND DEMAND FOR JURY TRIAL

1   provides the largest market of consumers to Defendant for sale of its products.

2   Defendant derives the greatest number of sales of its products from California.

3       15.    This Court also has supplemental jurisdiction over the state law claims

4   pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein form part of the

5   same case or controversy.

6       16.    Venue is appropriate in the Central District because, among other

7   things: (a) Plaintiff purchased the products from a Target store in the Central

8   District; and (b) many of the acts and omissions that give rise to the claims for relief

9   alleged in this action took place in the Central District.

10                      **IV.    FACTUAL ALLEGATIONS**

11      17.    Plaintiff and Class members are individuals who purchased GOJO's

12  Purell brand alcohol-based hand sanitizer from many retailers, including mass-

13  market retailers, such as Walgreens, Walmart, or – as in Plaintiff's purchase -

14  Target.  When Plaintiff and the Class members purchased the hand-sanitizers at

15  issue, the labels on the bottles of hand-sanitizer stated prominently that the product

16  "Kills More Than 99.99% of Germs," or that the product "Kills More Than 99.99%

17  of Most Illness Causing Germs."

18      18.    On the back label of Plaintiff's Purell hand sanitizer, there is a

19  statement that the product, "Kills 99.99% of most common germs that may cause

20  illness."  Plaintiff did not read this statement.  Further, a reasonable consumer who

21  read this language would not understand it to take back the promises on the front of

22  the bottles that suggest the product kills almost all disease-causing germs.

23      19.    Plaintiff read the statement that the Purell hand sanitizer "Kills More

24  Than 99.99% of Illness Causing Germs" on the product labels and relied on it when

25  purchasing the products.  Plaintiff believed that this statement meant that a scientific

26  study proved that the product would kill more than 99.99% of all known germs,

27  especially those that may cause illness.  That is because the statement included an

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

6

exact figure for the percentage of germs that would be killed—99.99%, which indicates that scientific evidence supports the 99.99% kill rate figure.

20.    The statement created a false impression.  No scientific study indicates that alcohol-based hand-sanitizers kill 99.99% of germs, let alone more than 99.99% of germs, or more than 99.99% of illness-causing germs.  In fact, many scientific studies show that hand-sanitizers do not kill many prominent and harmful germs, and that they are less effective than washing one's hands.

21.    First of all, studies show that some types of bacteria are becoming alcohol-resistant due to the use of hand-sanitizers.  For instance, the bacterium Enterococcus faecium has been found to have become ten times more alcohol tolerant in the years after 2010 than it was in the years before 2010.[10]

22.    Further, it is known in the scientific community that alcohol-based hand sanitizers do not kill many non-enveloped viruses, such as norovirus.[11]

23.    Third, it is also known that alcohol-based hand sanitizers do not kill bacterial spores, which are a leading cause of illness.[12]

24.    Fourth, it has been shown that alcohol-based hand sanitizers do not kill protozoan cysts, which grow to become invasive parasites, such as Giardia.[13]

25.    In light of the fact that evidence shows that many types of germs are not killed by alcohol-based hand-sanitizers, it appears extremely doubtful that these sanitizers in fact kill more than 99.99% of all germs, or more than 99.99% of illness-causing germs.  In its Warning Letter to Purell, the FDA stated that it, "is currently not aware of any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

[10] https://www.forbes.com/sites/brucelee/2018/08/04/how-this-bacteria-may-becoming-more-resistant-to-hand-sanitizer/#138e8d1722dd.

[11] https://www.medicalnewstoday.com/articles/ 232708#1.  As noted above, norovirus accounts for over half of the food-borne illnesses in the country.

[12] https://www.researchgate.net/publication/ 43353621_Effectiveness_of_Alcohol-Based_Hand_Rubs_for_Removal_of_Clostridium _difficile_Spores_from_Hands

[13] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4510183/

7

COMPLAINT AND DEMAND FOR JURY TRIAL

bacteria or virus."[14]   Certainly, no study shows that the hand-sanitizers kill any given amount of germs such that an exact percentage of germs killed could be stated.   Yet that is exactly what Defendant has done.   Defendant made false statements.

26.    Plaintiff purchased the hand-sanitizer, and paid a price premium, in reliance on these representations, believing that it had in fact been scientifically proven that the hand-sanitizers killed more than 99.99% of illness-causing germs. Plaintiff received a product that does not in fact kill more than 99.99% of illness causing germs.  Plaintiff did not get the product that was advertised.

## V.    CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on her own behalf and pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff intends to seek certification of a California Class, the members of which are collectively referred to herein as, "Class members".  The Class is defined as follows:

> All persons residing in the State of California who purchased Purell brand hand-sanitizer within the time spanning four years prior to the filing of this Complaint to entry of final judgment (the "Class").

28.    Excluded from the Class are: (a) Defendant, including any entity in which Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by Defendant; (b) the officers, directors, and legal representatives of Defendant; and (c) the judge and the Court personnel in this case as well as any members of their immediate families.  Plaintiff reserves the right to amend the definition of the Class if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

29.    *Ascertainability*. The class is ascertainable from Defendant's own records.  Defendant keeps records of the number of Purell Hand Sanitizers it has

[14] https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

8

shipped to each of its various retailers, and the number of units of Purell Hand Sanitizers sold during the Class period.

30. *Numerosity*. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, given the amount of Defendant's hand-sanitizer sold in California, it stands to reason that the number of Class members is at least in the thousands. Class members are readily identifiable from information and records in Defendant's possession, custody, or control, such as shipping and sales records, and Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

31. *Commonality and Predominance*. Defendant has acted with respect to Plaintiff and the other members of the Class in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all Class members. The questions of law and fact common to the Class members predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a. Whether Defendant's advertisement that its hand sanitizers "kills more than 99.99% of germs" was misleading to a reasonable consumer;

b. Whether Defendant's advertisement that its hand sanitizers "kills more than 99.99% of illness causing germs" was misleading to a reasonable consumer;

c. Whether Defendant's hand-sanitizers contain the statement, on the product labels, that they kill more than 99.99% of germs;

d. Whether Defendant's hand-sanitizers contains the statement, on the product labels, that they kill more than 99.99% of illness causing germs;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

e.    Whether Defendant's product labeling created the impression among its customers that its products would kill more than 99.99% of all germs;

f.    Whether Defendant's product labeling created the impression among its customers that its products would kill more than 99.99% of all illness causing germs;

g.    Whether a reasonable person would have read the statement "kills more than 99.99% of germs" and any accompanying language to mean that the hand-sanitizers had been scientifically proven to kill at least that exact percentage of germs;

h.    Whether a reasonable person would have read the statement "kills more than 99.99% of illness causing germs" and any accompanying language to mean that the hand-sanitizers had been scientifically proven to kill at least that exact percentage of illness causing germs;

i.    Whether the hand-sanitizers kill more than 99.99% of germs;

j.    Whether the hand-sanitizers kill more than 99.99% of illness causing germs;

k.    Whether it has been scientifically proven that the hand-sanitizers kill more than 99.99% of germs;

l.    Whether it has been scientifically proven that the hand-sanitizers kill more than 99.99% of illness causing germs;

m.    Whether Defendant knew or should have known that it had not been scientifically proven that its hand-sanitizers kill more than 99.99% of germs;

n.    Whether Defendant knew or should have known that it had not been scientifically proven that its hand-sanitizers kill more than 99.99% of illness causing germs;

///

10

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

o.   Whether Defendant knew or should have known that its hand-sanitizers do not kill more than 99.99% of germs;

p.   Whether Defendant knew or should have known that its hand-sanitizers do not kill more than 99.99% of illness causing germs;

q.   Whether Defendant intentionally misrepresented that its hand-sanitizers kill more than 99.99% of germs;

r.   Whether Defendant intentionally misrepresented that its hand-sanitizers kill more than 99.99% of illness causing germs;

s.   Whether Defendant negligently misrepresented that its hand-sanitizers kill more than 99.99% of germs;

t.   Whether Defendant negligently misrepresented that its hand-sanitizers kill more than 99.99% of illness causing germs;

u.   Whether Defendant's conduct has violated the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 1500, *et seq.*;

v.   Whether Defendant's conduct has violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 1200, *et seq.*;

w.   The nature of the relief, including equitable relief, to which Plaintiff and Class members are entitled; and

x.   Whether Plaintiff and Class members are entitled to damages, civil penalties and/or injunctive relief.

32.   *Typicality*. Plaintiff's claims are typical of those of other Class members because Plaintiff, like the other Class members, purchased Defendant's hand-sanitizer which included a statement that it kills more than 99.99% of illness causing germs, but would not in fact kill more than that percentage of illness causing germs.

33.   *Adequacy of Representation*. Plaintiff will fairly and adequately represent and protect the interests of the Class members.  Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer

11

class actions, and Plaintiff intends to prosecute this action vigorously.  Plaintiff and Class members have a unified and non-conflicting interest in pursuing the same claims and obtaining the same relief.  Therefore, all Class members will be fairly and adequately represented by Plaintiff and her counsel.

34.     *Superiority of Class Action*. A class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this action. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.  Damages for any individual Class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

35.     Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class members, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## VI.     <u>FIRST CAUSE OF ACTION</u>

(Intentional Misrepresentation)

36.     Plaintiff, individually and on behalf of the Class members, repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

37.     Reasonable consumers purchase hand sanitizer for one reason: to kill germs.  No reasonable consumer would purchase a hand sanitizer for any purpose other than to kill germs.  Reasonable consumers do not purchase hand sanitizer as a replacement for perfume or moisturizers.  Alcohol based hand sanitizers, even if ///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

scented, have a lingering smell of alcohol and dry the skin on hands, even if they contain a moisturizing ingredient.

38. Defendant manufactures and distributes Purell Hand Sanitizer to various retailers for the express purpose of making sales. Product labeling plays an important role in the consumer purchase decision process for merchandise sold at mass merchandisers such as drug stores and supermarkets.

39. Defendant represented to Plaintiff and the Class members that its hand-sanitizers would kill more than 99.99% of germs, or more than 99.99% of illness causing germs. Specifically, Defendant placed an advertisement, or caused to be placed an advertisement, on the hand-sanitizer labels, which stated either that the product, "kills more than 99.99% of germs," or that the product, "kills more than 99.99% of illness causing germs."

40. This statement, inclusive of any potential disclaimer, would lead a reasonable person to conclude that the hand-sanitizers had been proven through a scientific study to kill more than 99.99% of all germs, or at least more than 99.99% of all illness causing germs. That is because the statement included an exact figure for the percentage which went to the hundredth decimal point. Such an exact number would lead a reasonable person to conclude that a specific number had been calculated, and not arbitrarily decided.

41. There is estimated to be somewhere between 100 billion and 1 trillion (10/11 to 10/12) different microbial species on Earth. The current catalogued species stands around 10/7 which leaves about 5 logs yet to be discovered and identified. In other words, 99.999% of germs are yet to be discovered and identified. Another way of expressing this analysis is that only 0.001% have been discovered. Reasonable consumers are not aware of this information.

42. Defendant could have, but chose not to, select a more accurate statement to display on the front label of its hand sanitizers, such as "kills more than 99.99% of *some* germs" which is substantially more truthful than "kills more than

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13

COMPLAINT AND DEMAND FOR JURY TRIAL

99.99% of germs." By failing to include a qualifier between the words "of" and "germs," Defendant intended to imply that the hand sanitizers kill more than 99.99% of <u>all</u> germs.

43. The same is true with respect to the claim that the hand sanitizer "kills more than 99.99% of illness causing germs." Defendant could have, but chose not to, select a more accurate statement to display on the front label of its hand sanitizers, such as "kills more than 99.99% of *some* illness causing germs" which is substantially more truthful than "kills more than 99.99% of illness causing germs." By failing to include a qualifier between the words "of" and "illness," Defendant intended to imply that the hand sanitizers kill more than 99.99% of <u>all</u> illness causing germs.

44. Reasonable consumers lack expertise in microbiology and thus do not know the differences between the many different types of pathogens and how each pathogen reacts to ethanol. Reasonable consumers must, and do, rely on the claims made by companies such as Defendant, to be accurate, safe, and scientifically sound. Defendant knows that consumers rely on the Purell name and reputation when they assess the veracity of a claim made on a bottle of Purell brand hand sanitizer. Defendant knows that because it failed to add qualifiers between the words "of" and "germs" in "kills more than 99.99% of germs," and between the words "of" and "illness" in "kills more than 99.99% of illness causing germs," consumers will assume that the product kills more than 99.99% of <u>all</u> germs, or more than 99.99% of <u>all</u> illness causing germs, and choose that product over those of Defendant's competitors, pay more for that product than they otherwise would have had they known the truth, or over rely on hand sanitizer to protect them from every disease-causing pathogen.

45. Approximately three-quarters of Americans say they trust individual brands to deliver consistently on what they promise. Given the nationwide ubiquity of Defendant's reputation as a reliable manufacturer of quality hand hygiene

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

14

products, Defendant's customers reasonably put their trust in Defendant's Purell brand and the safety and efficacy of its products.   Defendant knows that customers consider the Purell brand to be trustworthy because Defendant, like most of its competitors, allocate some portion of its funds to market its goods in order to build trust and increase its consumer base.  If reasonable consumers trust a brand, they tend to believe what they see or hear in advertisements for that brand.  Reasonable consumers, like Plaintiff, trust in the quality and efficacy of products that carry the Purell brand name, and thus rely on the marketed promises on the labels of the brand's products, including the "kills more than 99.99% of germs" and "kills more than 99.99% of illness causing germs" statements at issue.  Defendant knows and relies upon this information in order to earn and maximize profits, as is the goal of any merchant.

46.    Defendant knows or should have known that when reasonable consumers see a quantified statement of efficacy prominently placed on the label of a product marketed by a reputed company or brand, they not only believe it, but they also take it at face value.  Defendant knows or should have known that reasonable consumers do not expect a quantified statement of efficacy prominently placed on the label of a product marketed by Defendant to only apply under certain circumstances.

47.    Defendant knows that reasonable consumers are likely to be highly responsive to products that are advertised as offering an extremely high degree of efficacy.  Defendant's knowledge is evidenced by the fact that although Defendant likely had multiple options of statements to display on the front label of its hand sanitizers, it purposefully and intentionally selected one containing a promise of an extremely high degree of, and almost complete and guaranteed, efficacy: exceeding 99.99%.  Defendant knew and intended that a reasonable consumer would rely on the veracity of the claims that the product "kills more than 99.99% of germs" and that the product "kills more than 99.99% of illness causing germs."

15

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

48.    However, these claims are not factually or scientifically accurate. Defendant knows that these claims are not true given its knowledge that Purell hand sanitizer has not been tested for every germ, or every illness causing germ, in the world, as well as Defendant's receipt of the FDA Warning Letter informing Defendant that the FDA, "is currently not aware of any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."[15]    The representations that the hand sanitizer "kills more than 99.99% of germs" or "kills more than 99.99% of illness causing germs" is false, as previously stated.  It has not been proven in any scientific study that the hand-sanitizer kills more than 99.99% of germs or more than 99.99% of illness causing germs.  In fact, it has been scientifically proven that alcohol-based hand-sanitizer does not kill many types of common germs.

49.    Defendant knew that the claim that the representations at issue in this lawsuit are not true.  Defendant likely has processes in place in order to obtain substantiation documents for the claims made on the labels of its products. Defendant knew that it did not have any substantiation for the claim that the product kills more than 99.99% of germs, or more than 99.99% of illness causing germs, but only for the claim that the product kills *some* germs under certain circumstances.

50.    Reasonable consumers do not verify or second-guess the accuracy of each and every marketing claim by reading the disclaimers that may appear on the back of a package.  This is especially true if they believe the brand to be trustworthy. Reasonable consumers cannot be expected to analyze every line of text that appears on a package before making a purchase, especially of a popular household health product.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

[15] Id.

16

COMPLAINT AND DEMAND FOR JURY TRIAL

51.    Defendant knew that the claims at issue were false when Defendant made them, and/or made the representations recklessly and without regard for their truth.    Defendant intended that Plaintiff and the Class members rely on the representations.    The advertisements were placed on the front labels of the hand sanitizers for the sole purpose of inducing customers to purchase the products. Defendant understood, or should have understood, that a reasonable person would read the "99.99%" promise to indicate that the product would kill nearly every disease-causing germ.

52.    Defendant knew or should have known that consumers of hand sanitizer products are highly likely to be responsive to advertising statements that promise almost complete protection against all known germs, or all known illness causing germs.

53.    Defendant knew or should have known that consumers mentally convert product attributes into benefits to their own lives when they process advertising messages.    Defendant knew and intended for its customers to engage in that conversion process.

54.    The claim that the product "kills more than 99.99% of germs" is a product attribute.    The claim that the product "kills more than 99.99% of illness causing germs" is also a product attribute.    Defendant intended for reasonable consumers to instantaneously convert these product attributes into a material benefit, *i.e.*, that purchasing the hand sanitizer would protect the consumer from getting sick from exposure to almost any germ.

55.    Plaintiff and the Class members reasonably relied on the representations at issue.    Plaintiff and the Class members believed that a reliable scientific study proved that the hand-sanitizer would kill more than 99.99% of germs, including more than 99.99% of illness causing germs.    Based on that belief, and because of it, desiring protection from more than 99.99% of germs, especially the illness causing germs, Plaintiff and the Class members purchased the products.

17

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

56.    Because Defendant's hand sanitizers are not capable of killing more than 99.99% of germs, or more than 99.99% of illness causing germs, reasonable consumers are misled and deceived by Defendant's packaging of its hand sanitizers as a whole.

57.    As a result, Plaintiff and the Class members were harmed when they purchased hand sanitizers that have not actually been proven to kill more than 99.99% of germs or more than 99.99% of illness causing germs. Plaintiff and the Class members were not protected from many types of germs. Plaintiff and the Class members also paid a price premium for a product that was not as it was advertised. Plaintiff and the Class members purchased a product that they would not have otherwise purchased.

58.    Had Defendant's packaging disclosed that its hand sanitizers are incapable of killing more than 99.99% of all germs and all illness causing germs, such disclosure would have adversely affected consumers' willingness to purchase Defendant's hand sanitizers.

59.    Plaintiff's and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm. Had Plaintiff and the Class members known that it had not been proven that the hand sanitizers killed more than 99.99% of germs or more than 99.99% of illness causing germs, they would not have purchased the product.

60.    As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and the Class members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## VII.   SECOND CAUSE OF ACTION

(Negligent Misrepresentation)

61.   Plaintiff, individually and on behalf of the Class members, repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 60, inclusive, of this Complaint as if set forth fully herein.

62.   Defendant represented to Plaintiff and the Class members that its hand sanitizers would kill more than 99.99% of germs and illness causing germs. Specifically, Defendant placed advertisements, or caused to be placed advertisements, on its product labels, which stated, "kills more than 99.99% of germs" and "kills more than 99.99% of illness causing germs."

63.   This statement, inclusive of any disclaimer, would lead a reasonable person to conclude that the hand sanitizers had been proven through a scientific study to kill more than 99.99% of germs, or more than 99.99% of illness causing germs.  That is because the statement included an exact figure for the percentage which went to the hundredth decimal point.  Such an exact number would lead a reasonable person to conclude that a specific number had been calculated, and not that it had been picked out of clean air.

64.   These representations were false.  It has not been proven in any scientific study that the hand sanitizers kill more than 99.99% of germs or more than 99.99% of illness causing germs.  In fact, it has been scientifically proven that alcohol-based hand sanitizer does not kill many types of germs.

65.   Defendant had no reasonable grounds for believing that the representations were true when it made them.  No study proves that alcohol-based hand sanitizer kills more than 99.99% of all germs or more than 99.99% of illness causing germs.  In fact, many studies prove that hand sanitizer does not kill many types of germs.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

66.    Defendant intended that Plaintiff and the Class members rely on the representations.  The advertisements were placed on product packaging and on the product itself for the sole purpose of inducing customers to purchase the product. Defendant understood, or should have understood, that a reasonable person would read the "99.99%" promise to indicate that a scientific study supported this number.

67.    Plaintiff and the Class members reasonably relied on the representations.   Plaintiff and the Class members believed that a scientific study proved that the hand-sanitizer would kill more than 99.99% of germs and more than 99.99% of illness causing germs.  Based on that belief, and because of it, desiring to be protected from 99.99% of germs, especially illness causing germs, Plaintiff and the Class members purchased the product.

68.    As a result, Plaintiff and the Class members were harmed when they purchased hand-sanitizers that have not actually been proven to kill more than 99.99% of germs or more than 99.99% of illness causing germs.   Plaintiff and the Class members were not protected from many types of germs, including those that cause illness.   Plaintiff and the Class members also paid a price premium for a product that they would not otherwise have purchased.

69.    Plaintiff's and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm.  Had Plaintiff and the Class members known that it had not been proven that the hand-sanitizer killed more than 99.99% of germs, or more than 99.99% of illness causing germs, they would not have purchased Defendant's hand sanitizers.

70.    As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and the Class members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# VIII. <u>THIRD CAUSE OF ACTION</u>

(Violation of California False Advertising Law ["FAL"],

Cal. Bus. & Prof. Code § 17500 *et. seq.*)

71.    Plaintiff, individually and on behalf of the Class members, repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 70, inclusive, of this Complaint as if set forth fully herein.

72.    Defendant's statements on its hand sanitizers' labels that the product would kill more than 99.99% of germs and more than 99.99% of illness causing germs were false.  No scientific study proves that alcohol-based hand-sanitizer kills more than 99.99% of germs or more than 99.99% of illness causing germs, and, in fact, studies prove that alcohol-based hand-sanitizer does not kill many types of germs. These advertisements were made on products manufactured by Defendant and sold in stores such as Target, and other stores, to California residents.

73.    Alternatively, the statements that the product would kill more than 99.99% of germs, or the statement that the product would kill more than 99.99% of illness causing germs, combined with the disclaimer on the back of the packaging, created the false impression that the product would in fact kill more than 99.99% of all germs, or all illness causing germs, because the statement on the front of the bottle gave the impression that it had been scientifically proven to kill more than 99.99% of all germs, or all illness causing germs, due to the adoption of an exact percentage, and because the disclaimer on the back of the product did not detract from that impression in that it merely provided a corollary statement which was not inconsistent with the overall claim that the product killed more than 99.99% of all germs or all illness causing germs.

74.    To the extent that it exists at all, the statement on the back of the bottle that the product "Kills 99.99% of most common germs that may cause illness" is consistent with, and does not detract from, the promise on the front of the bottle that

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the product kills more than 99.99% of germs and more than 99.99% of all illness causing germs.  A reasonable consumer would believe, after reading both the front and back label statements, that the product will in fact kill more than 99.99% of all germs, or all illness causing germs.  Therefore, the advertising is both actually misleading and has a capacity, likelihood, or tendency to deceive or confuse the public.

75.    Plaintiff and the Class members relied on the advertisements by purchasing hand-sanitizers that they believed had been proven to kill more than 99.99% of germs and/or illness causing germs.  The representation that the hand-sanitizers would kill more than 99.99% of germs and/or illness causing germs contributed materially to Plaintiff's and the Class members' decisions to purchase the hand-sanitizers.

76.    As a result, Plaintiff and the Class members were damaged.  Plaintiff and the Class members did not receive the benefits of their bargains and used hand-sanitizers which had not been proven to kill more than 99.99% of germs or more than 99.99% of illness causing germs and, in fact, did not kill many types of germs.  Plaintiff and the Class members paid a price premium for a product that they would not have purchased had they known the truth.

77.    Plaintiff and the Class members have suffered monetary injury in fact as a direct and proximate result of the violations of the False Advertising Law committed by Defendant as alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

## IX.    FOURTH CAUSE OF ACTION

(Violation of the Unfair Competition Law ["UCL"],

Cal. Bus. & Prof. Code § 17200, *et seq.*)

78.    Plaintiff, individually and on behalf of the Class members, repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 77, inclusive, of this Complaint as if set forth fully herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

22

COMPLAINT AND DEMAND FOR JURY TRIAL

79.    By its actions and conduct as alleged herein, Defendant has committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 ("UCL") that constitute unfair, unlawful and/or fraudulent business practices as those terms are defined under California law.

80.    Defendant's business practices are unfair under the UCL because Defendant has acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and the Class members. These business practices, described above, include creating false advertisements on product packaging and directly on the product itself.  The false advertisements are substantially injurious because they induce consumers to make purchases that they would not otherwise make, in expectation of receiving benefits that they do not receive.  Further, the impact of the practice against Plaintiff and the Class members far outweighs any possible justification or motive on the part of Defendant.  The impact on Plaintiff and the Class members has been described.  Defendant can have no possible justification for including a false inducement to purchase its products. Plaintiff and the Class members could not reasonably have avoided this injury because they relied on Defendant's advertisement as to the quality and characteristics of the products being sold, as all consumers who rely on the verity of product advertising must do.

81.    Defendant's false advertisement is violative of public policy as expressed in the False Advertising Law.  Each of these statutes strictly forbids false advertisements such as those Defendant has disseminated and/or caused to be disseminated, and represent expressions of public policy against this practice.

82.    Defendant's business practices are also unfair because they significantly threaten or harm competition.   Competition is fostered by an environment in which information can be relied upon, so that consumers can make wise decisions, and so that products which accurately reflect the consumers' wishes can flourish.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

23

83.     As shown above, Defendant's business practices are also unlawful because they violate the False Advertising Law.

84.     Defendant's business practices are also fraudulent under the UCL because they constitute representations to the public which are likely to deceive the public.  The representations indicate that it has been proven that Defendant's hand sanitizers will kill more than 99.99% of germs, or more than 99.99% of illness causing germs, when in fact it has not been so proven, and, instead, it has been suggested that Defendant's hand sanitizers will not kill many types of germs.  The public, receiving these representations, is likely to believe that it has been proven that Defendant's alcohol-based hand sanitizers will kill more than 99.99% of germs, or illness causing germs, and is so deceived.

85.     Defendant's representations are likely to deceive the public because they are untrue and because they create the impression that the hand sanitizers have been proven to kill more than 99.99% of germs or illness causing germs.  A reasonable consumer would be likely to believe that, if Defendant stated its products kill a very exact percentage of germs, that it has in fact been proven to kill all of those germs.

86.     Plaintiff and the Class members relied on these representations when they purchased Defendant's hand-sanitizers, which they would not have otherwise purchased.

87.     Plaintiff and the Class members have suffered monetary injury in fact as a direct and proximate result of the acts of unfair competition committed by Defendant as alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## X.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter an Order:

1.   Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

2.   Enjoining Defendant from continuing the unfair business practices alleged in this Complaint, mandating that Defendant remove the false advertisements from its hand sanitizing products and product packaging;

3.   Ordering Defendant to pay actual and statutory damages (including compensatory damages) and restitution to Plaintiff and all the Class members, as allowable by law;

4.   Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

5.   Ordering Defendant to pay attorneys' fees and costs of suit; and

6.   Ordering such other and further relief as this Court may deem just and proper.

## XI.   **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, her Class, and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: May 20, 2021                          **WILSHIRE LAW FIRM**

By _____
Thiago M. Coelho
*Attorneys for Plaintiff and the*
*Putative Class*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL